**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MING CHENG JIN, | No. 08-73282 |
| Petitioner, | Agency No. A099-893-150 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and CONLON, Senior District
Judge.**

Ming Cheng Jin petitions this court for review of the BIA's decision

affirming the Immigration Judge's adverse credibility determination and denying

Jin asylum, withholding of removal, and relief under the Convention Against

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The Honorable Suzanne B. Conlon, Senior District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition.

Under the REAL ID Act, which applies to Jin's application, credibility determinations must be based on the "totality of the circumstances" and can be based on inconsistencies even if they do not go "to the heart of the applicant's claim." 8 U.S.C. § 1158 (b)(1)(B)(iii). An IJ must "provide specific and cogent reasons supporting an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2009). "Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence." *Kaur v. Ashcroft*, 379 F.3d 879, 887 (9th Cir. 2004) (internal quotation marks and citation omitted); *see also Ren v. Holder*, 648 F.3d 1079, 1088 (9th Cir. 2011); *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006); *Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000).

Jin testified that he was persecuted by the Chinese government in retaliation for aiding North Korean refugees in China. The IJ found Jin not credible because the IJ concluded that it was implausible that Jin would have carried a medical record—which was attached to his asylum application along with other personal documents—"in his pocket" during his journey to the United States without any particular purpose. This reason is based solely upon the IJ's personal beliefs and speculation about how and why Jin might have carried his medical records.

Moreover, Jin actually did provide an explanation for why he brought the record with him. His trip to the United States occurred shortly after his April visit to the clinic, therefore, he had his medical record and diagnosis from that visit with him when he prepared to leave. The IJ's speculation alone cannot support an adverse credibility determination. *See Kaur*, 379 F.3d at 887-88 (holding that the IJ's beliefs that the Indian government would not issue a misspelled passport and the petitioner would have learned the name of her smuggling agent during their journey were speculative and insufficient to support an adverse credibility determination); *see also Bandari*, 227 F.3d at 1166-67.

The BIA also relied on an apparent discrepancy between Jin's testimony that he did not have "any hospital records" and the fact that he had previously submitted a medical record with his application. However, Jin stated only that he could not obtain records relating to a particular incident in January 2006, not that he lacked access to his medical records more generally. The record Jin did submit was dated April 2006, and he explained that it was for treatment following a different beating to which he had been subjected. Neither the IJ nor BIA ever questioned this explanation. Thus, the BIA could not have reasonably found a discrepancy between Jin's testimony that he could not obtain records relating to one incident and the fact that he had submitted a record relating to a different incident. *See Shrestha*, 590 F.3d at 1044.

We conclude that substantial evidence does not support the IJ's adverse credibility finding, which was adopted by the BIA. However, there may be reliable reasons in the record for finding Jin not credible. Therefore, we grant Jin's petition and remand to the BIA for consideration of his application for asylum, withholding of removal, and CAT relief without requiring the BIA to deem Jin's testimony credible. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1096 (9th Cir. 2009).

**Petition GRANTED and REMANDED.**